**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONNETTE SMITH, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | |
| *v.* | |
| GREEN TREE SERVICING LLC, a Delaware limited liability company, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

Plaintiff Donnette Smith ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Green Tree Servicing LLC ("Green Tree") to stop its practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant Green Tree is one of the largest servicers of home loans, including mortgages and lines of credit. Defendant also engages in debt collection services, from which it derives revenue on a contingency basis—Green Tree only makes money from its debt collection services when it's successful in collecting on a debt.

2.      In its efforts to collect on the loans and debts it services, Defendant makes phone calls to consumers with an automatic telephone dialing system or a pre-recorded voice.

3.      Unfortunately, Defendant makes those automated phone calls to the phone numbers of consumers who never provided Defendant with consent to be called.

4.      Worse, Defendant has a history of making the type of unlawful calls complained about here. On April 21, 2015, in a *Stipulated Order For Permanent Injunction and Monetary Judgment*, the Consumer Financial Protection Bureau ("CFPB") and the Federal Trade Commission ("FTC") detailed the findings of a multi-year investigation into Green Tree's allegedly illegal mortgage loan servicing practices.

5.      The CFPB and FTC found that Green Tree had repeatedly engaged in multiple illegal debt collection practices, including placing harassing telephone calls to its customers. In the end, Green Tree was required to pay a large fine for its conduct and to respect consumers' requests to not be called.

6.      Undeterred, Defendant continues to place unlawful telephone calls to Plaintiff and members of the Class in violation of both the *Stipulated Order For Permanent Injunction and Monetary Judgment* and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

7.      In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease making all unsolicited telephone calls, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8.      Plaintiff Donnette Smith is a natural person and citizen of the State of Florida.

9.     Defendant Green Tree is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1100 Landmark Towers, 345 St. Peter Street, Saint Paul, Minnesota 55102.

10.     Defendant Green Tree is registered to do business with the Illinois Secretary of State, and does business through its 23 offices located throughout the United States

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1332(b),(c) and 1441(a), because Defendant is a corporation that is deemed to reside in any judicial district in which Defendant is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject Defendant to personal jurisdiction. In addition, Defendant also transacts significant amounts of business within this District.

## COMMON FACTUAL ALLEGATIONS

I.     **The Telephone Consumer Protection Act**

13.     In 1991, Congress enacted the TCPA in response to an alarming number of consumer complaints regarding certain telemarketing practices.

14.     The TCPA regulates and limits the use of automated telephone dialing systems ("ATDS" or "autodialers"), artificial or pre-recorded voice messages, SMS text messages, and faxes.

15.     Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) prohibits the use of autodialers, or any artificial or prerecorded voice messages, to make any call to a wireless number in the absence of

an emergency or the prior express consent of the called party.

16.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

17.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See* FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

## II.     Defendant Used An ATDS To Place Calls To Plaintiff's and Class Members' Cellular Telephones Without Consent

18.     Defendant Green Tree is one of the largest servicers of home mortgages and lines of credit. Defendant also engages in debt collection services, from which it derives revenue on a contingency basis, where it makes money only when it's successful in collecting on a debt.

19.     And in its efforts to collect payments for the loans and debts it services, Defendant makes automated phone calls to remind consumers of upcoming or purportedly past due payments. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available agents and disconnecting the rest.

20.     In fact, previous litigation has shed light on Defendant's use of automated dialing systems and its record keeping of such calls. For instance, on September 13, 2012, Stewart M. Derrick ("Derrick"), an employee of Defendant, provided testimony in a previous action alleging that Defendant violated the TCPA, *Castro v. Green Tree Servicing, LLC, et al.*, 10-cv-7211 (S.D.N.Y.).

21.     In his testimony, Derrick confirmed that Defendant does, in fact, use an ATDS to place telephone calls, stating, "Our automated dialing system is … run out of St. Paul, Minnesota and … Tempe, Arizona." *See* Deposition Transcript of Stewart M. Derrick dated Sept. 13, 2012 ("Derrick Tr.") at 15.[1]

22.     In addition, Derrick testified that when a call is placed using Defendant's ATDS, the entry "SYS" appears in Defendant's call logs. Derrick Tr. at 14.

23.     In addition to prior litigation, the FTC, and later the CFPB, investigated Defendant and its calling practices. In their investigation, the FTC and CFPB found that Green Tree was engaged in a practice of placing harassing telephone calls to consumers, similar to those at issue here, in violation of federal law. *See Stipulated Order for Permanent Injunction and Monetary Judgment* dated April 23, 2015 at 45 (the "Stipulation").[2]

24.     The Stipulation requires Green Tree to pay civil penalties totaling $63 million and prohibits it, amongst other things, from placing repeated telephone calls to a consumer's cellular telephones once the consumer has requested that Green Tree cease and desist placing such calls. *Id*.

25.     Despite being bound by the Stipulation, Defendant has and continues to place

---

[1]     A true and accurate copy of excerpts of the Derrick Tr. is attached hereto as Exhibit A.
[2]     *Stipulated Order for Permanent Injunction and Monetary Judgment*, April 23, 2015, available at www.ftc.gov/system/files/documents/cases/150421greentreestiporder.pdf.

calls to consumers who never provided it consent to be called with an ATDS.

      26.    Complaints about Defendant's incessant calls are abundant. A sampling of such

complaints is provided below:



**(Figure 1.)**[3]

> This company is horrible..I have had 9 calls in the last 3 weeks from them.
>
> It is on an account that isn't even mine. They searched and found that I live close to one of their clients and got my home number that way. It is a new number and the account they are calling about is over 15 years old. I have told them numerous times to stop calling me and they continue to do so.
>
> I just filed a complaint against them with the Federal Trade Comm...and have to other places to file complaints with.They need to be shut down.

**(Figure 2.)**[4]

> Dan of Cape Coral, FL on
> March 21, 2015
>
> Satisfaction Rating ★☆☆☆☆
>
> Our loan was sold to them by Bank of America. They started calling 5 days before payment was even due, eventually put a cease and desist on them. No more calls! They suck! Loan shark mentality by everyone there!

**(Figure 3.)**[5]

---

[3]    *719 GREENTREE SERVICING reviews and reports @ Pissed Consumer*, http:// greentree-servicing.pissedconsumer.com/reviews.html (last visited Aug. 14, 2015).

[4]    *Greentree Servicing - Not even my acct..being harrassed Review 616264 Apr 01, Warm Springs, Georgia, Collection Calls @ Pissed Consumer*, http://greentree-servicing.pissedconsumer.com/not-even-my-acct-being-harrassed-20150401616264.html (last visited Aug. 14, 2015).

[5]    *Top 2,211 Complaints and Reviews about Greentree Finance | Page 3*, http://www.consumeraffairs.com/finance/greentree.htm?page=3 (last visited Aug. 14, 2015).



Susana of Winona, WV on
March 10, 2015

Satisfaction Rating

We have had problems with Green Tree since BAC sold it to Everhome then they sold it to Green Tree. We requested that Green Tree only conduct business with us through the mail after they called more than 30 times in one month sometimes two and three times a day. We did not receive a statement since October 2014 and have not received one as of today March 10th 2015. We called the customer service line but it was forwarded to the collections department. We inquired about the lack of statements, first the representative said that it was sent, I told her "we have not received it."

**(Figure 4.)**[6]



**Kathie Webster** So glad I found this page. Clearly no one here can help me get GT to stop harassing me but misery loves company, right? I have never, ever bee. Late with a mortgage payment yet they still continue to harass me every month. Our credits scores are over 800 we are clearly not people who miss payments. I just can't understand why they feel the need to alienate good paying customers.

Like · Reply · 👍 9 · September 4, 2013 at 10:23pm

**(Figure 5.)**[7]

### FACTS RELATING TO PLAINTIFF SMITH

27.     Plaintiff has a residential mortgage that is currently serviced by Defendant.

28.     Defendant did not have consent for it to call Plaintiff's cellular telephone with an ATDS.

29.     Nevertheless, Defendant has called Plaintiff's cellular telephone number (ending with the last four digits of 9020) with an ATDS repeatedly from various telephone numbers, including 480-383-2290.

---

[6]     *Id.*

[7]     *Green Tree Servicing SUCKS*, https://www.facebook.com/greentreeservicing/posts/576607535735823 (last visited Aug. 14, 2015).

30.    For example, on July 13, 2015, Defendant used an ATDS to place as many as three telephone calls to Plaintiff's cellular telephone.

31.    Each time Plaintiff answered one of Defendant's calls, Plaintiff noticed an approximately two-second long delay before one of Defendant's representatives spoke, further indicating that Defendant called her with an ATDS.

32.    On multiple occasions, Plaintiff orally requested that Defendant stop calling her cellular telephone number with an ATDS, including times prior to July 13, 2015. Unfortunately, Defendant has ignored Plaintiff's multiple requests and continues to call Plaintiff's cellular telephone number with an ATDS.

## CLASS ALLEGATIONS

33.    Plaintiff Donnette Smith brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of herself and the following Class:

> All individuals within the United States (1) who received a non-emergency telephone call (2) from Defendant, (3) to their cellular telephones (4) through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice and (5) who did not provide prior express consent or revoked consent for such calls.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

34.     **Numerosity:** The exact number of members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, thousands of consumers fall into the definition of the Class. Members of the Class can be identified through Defendant's records, discovery, and other third party sources.

35.     **Commonality and Predominance:** There are many questions of law and fact common to Plaintiff's and the Class's claims, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.   Whether Defendant's conduct violated the TCPA;

    b.   Whether the equipment Defendant used to make telephone calls to members of the Class was an automatic telephone dialing system as contemplated by the TCPA;

    c.   Whether Defendant systematically made telephone calls to members of the Class who did not previously provide Defendant with their prior express consent or revoked their prior express consent to receive such telephone calls; and

    d.   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

36.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's wrongful conduct.

37.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class,

and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

38.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

39.     **Superiority**: This case is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to

10

all parties and the Court and require duplicative consideration of the legal and factual issues

presented herein. By contrast, a class action presents far fewer management difficulties and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision

by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of

decisions will be ensured.

40.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class

Definition" based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**
**Violation of the Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

41.     Plaintiff incorporates the forgoing allegations as if fully set forth herein.

42.     Defendant and/or its agents made unsolicited telephone calls to cellular telephone

numbers belonging to Plaintiff and other members of the Class without their prior express

consent to receive such calls.

43.     Defendant made the telephone calls using equipment that had the capacity to store

or produce telephone numbers to be called using a random or sequential number generator,

and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

44.     Defendant and/or its agents utilized equipment that made, or had made on its

behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and

without human intervention. The telephone dialing equipment utilized by Defendant dialed

numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic

and systematic manner.

45.     By making unsolicited calls to Plaintiff and members of the Class's cellular

telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47

U.S.C. § 227(b)(1)(A)(iii).

46.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class had their right to privacy adversely impacted and/or had to pay for the receipt of each call or have a number of minutes deducted from their paid-for service and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

47.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donnette Smith, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff Donnette Smith as the representative of the Class, and appointing her counsel as Class Counsel;

B.     An award of actual and statutory damages;

C.     An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

D.      An award of reasonable attorneys' fees and costs; and

E.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**DONNETTE SMITH,** individually and on behalf of all similarly situated individuals,

Dated: August 14, 2015                    By: /s/ Benjamin H. Richman

                              One of Plaintiff's Attorneys

                              Rafey S. Balabanian
                              rbalabanian@edelson.com
                              Benjamin H. Richman
                              brichman@edelson.com
                              J. Dominick Larry
                              nlarry@edelson.com
                              EDELSON PC
                              350 North LaSalle Street, Suite 1300
                              Chicago, Illinois 60604
                              Tel: 312.589.6370
                              Fax: 312.589.6378

                              Paul O. Paradis*
                              pparadis@hhplawny.com
                              Gina M. Tufaro*
                              gtufaro@hhplawny.com
                              Daniel R. Lavoie* (Of Counsel)
                              dlavoie@hhplawny.com
                              PARADIS LAW GROUP, PLLC
                              570 Seventh Avenue, 20th Floor
                              New York, NY 10018
                              Tel: (212) 986-4500
                              Fax: (212) 986-4501

                              * *Pro hac vice* admission to be filed